IRA WILLIAMS V. THE STATE.

No. 6591.  Decided January 4, 1922.

**Burglary—Day-Time Burglary—Charge of Court.**

Where, upon appeal from a conviction of burglary, the appellant complained of the court's failure to charge on the law of day-time burglary, but the record showed that both the appellant and the witnesses for the State declared that the transaction took place at night, there was no error in the court's failure to charge on daytime burglary.

Appeal from the District Court of El Paso.  Tried below before the Honorable W. D. Howe.

Appeal from a conviction of burglary; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. Storey, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The judgment appealed from condemns the appellant to confinement in the State penitentiary for a period of ten years for the offense of burglary.

That the appellant entered the residence of the injured party and took therefrom certain articles is conceded.

Appellant claims that he made the entry with no intent to commit the offense, but under the mistaken belief that it was the place at which a certain friend of his, with whom he had an appointment, resided or worked, and that after his entry he conceived the design to steal. When he was discovered, he fled.

The only legal question presented is the complaint of the failure of the court to charge on the law of daytime burglary.

The transaction took place at a residence situated near one of the streets in the city of El Paso. The witness Cole, a neighbor of Fewel, the injured party, claimed in his testimony that he saw the appellant enter the premises. The distance between them was about seventy-five feet, and the ability of the witness to see the appellant was the subject of inquiry in which the location of the street lights which were burning at the time was described, the effort of the state being to show that they gave sufficient light to support the witness' theory that he saw the entry, and that of the appellant that the location of the lights tended to discredit the State's witness. It was conceded throughout that the lights were burning both on the street and in the house in which the offense is charged to have taken place. No witness nor circumstance, so far as we are aware, suggests that it took place in the daytime. The State's witness fixed the hour at about fifteen minutes before nine o'clock. Appellant, in his testimony, said: "I had been working on that day, preceding this night, until four o'clock." He then described his movement afterwards showing that he went home and changed his clothes; that he went across the river and stayed for an hour or more; that he returned and ate supper; that after supper he went to the home of his friend Ford and had a conversation with him about or near six o'clock, and made an appointment with him to recross the river; that later he went to the point where the burglary is charged to have taken place in the belief that it was the house in which Ford worked. He was unable to fix the hour with certainty but said it was between eight and seven o'clock. We note that both the appellant and the witness for the State declared that the transaction took place "at night," the State's witness fixing the time at or near nine o'clock, the appellant being un-

certain as to the hour, but not, as we understand the evidence qualifying his testimony, that it was at night.

The testimony with reference to the lights upon the street and in the residence was obviously upon another issue, that of the ability of the State's witness to see the appellant's movements. It, however, tends to make it more definite and conclusive that the entry was made in the night-time, and we find in it no fact or circumstance which to our mind would present as an issue the fact that it was done in the daytime. The complaint of the failure of the court to submit that issue to the jury is not, in our opinion, well founded.

The judgment is affirmed.

*Affirmed.*